**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5096**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES MILLARD REYNOLDS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon. James P. Jones, Chief District Judge. (CR-03-116; CR-04-35)

Submitted: June 26, 2006        Decided: July 19, 2006

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven D. Goodwin, GOODWIN, SUTTON & DUVAL, PLC, Richmond, Virginia, for Appellant. John L. Brownlee, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Millard Reynolds appeals his jury convictions and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2000); two counts of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (2000); distribution of less than fifty grams of a mixture containing methamphetamine in violation of 21 U.S.C. § 841(b)(1)(C) (2000); and failure to appear in violation of 18 U.S.C. § 3146(a)(1) (2000). Reynolds contends the evidence was insufficient for the jury to find him guilty of methamphetamine distribution and possession of a firearm in furtherance of a drug trafficking crime. We affirm.

We must sustain a jury's verdict if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of guilty beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of witnesses or decide between differing reasonable interpretations of the evidence. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Reversal for insufficient evidence is reserved for the rare case in which the prosecution's failure is

clear.  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997).

Reynolds contends the evidence was insufficient to prove he distributed methamphetamine because the Government presented testimony from two convicted felons that they purchased the drug from him without any other corroborating evidence.  Uncorroborated testimony from an accomplice or a single witness may be sufficient to sustain a guilty verdict.  See United States v. Baker, 985 F.2d 1248, 1255 (4th Cir. 1993).  The Government presented testimony from two of Reynolds's buyers that he distributed methamphetamine to them.  The jury was instructed that it could consider a witness's felony conviction in determining his credibility, and we do not review the jury's credibility determinations on appeal.  Therefore, this claim is meritless.

Reynolds also contends the evidence was insufficient to prove he possessed a firearm in furtherance of a drug trafficking crime.  To establish a violation of 18 U.S.C. § 924(c) (2000), the Government must present evidence indicating that possession of a firearm furthered, advanced, or helped forward a drug trafficking crime.  United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). Whether the firearm served such a purpose is ultimately a factual question, and the factfinder is free to consider the numerous ways in which a firearm might further or advance drug trafficking.  Id.

We conclude the evidence was sufficient for a rational jury to find Reynolds guilty of possessing a firearm in furtherance of a drug trafficking crime. The Government presented evidence that Reynolds, a convicted felon prohibited from possessing a firearm, carried one or more handguns with him either on his person or in his vehicle during drug transactions, and Reynolds said he would use his gun if someone tried to take his drugs or did not pay him. Moreover, the Government presented evidence that Reynolds actually fired a gun he possessed to settle a dispute regarding a drug debt.

Accordingly, we affirm Reynolds's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED